IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SEAN ODELL-BRYAN ROSS, | Cause No. CV 25-17-H-DWM |
| Petitioner, | |
| | ORDER |
| vs. | |
| SHERIFF PETERSON, ATTORNEY GENERAL OF THE STATE OR MONTANA, | |
| Respondents. | |

On February 19, 2025, state pro se prisoner Sean Odell-Bryan Ross ("Ross")

filed an application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.

(Doc. 1 at 8.)  The Court is required to screen all actions brought by prisoners who

seek relief. 28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or

portion thereof if the prisoner raises claims that are legally frivolous or fails to

state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2).  The

Court must dismiss a habeas petition "[i]f it plainly appears from the petition and

any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing

Section 2254 Cases.

As explained below, because Ross's petition is unexhausted, it will be

dismissed without prejudice.

I.      **Exhaustion**

1

Following an *Alford*/no lo contendre plea to Assault with a Weapon in

Montana's Fourth Judicial District Court, Missoula County, Ross was committed

to the Department of Health and Human Services ("DPHHS") for a 10-year term.

(Doc. 1 at 2-3.)  Ross indicates he also received credit for 377 days of time served

prior to sentencing.  (*Id.* at 3.)

Ross did not timely file a direct appeal. (*Id.*)  Similarly, he has not sought

postconviction review or review of his sentence with the Montana Sentence

Review Division. (*Id.* at 3-4.)  Ross indicates that he attempted to file a petition

for habeas corpus relief in the Montana Supreme Court, but that it was dismissed

on procedural grounds. (*Id.* at 4-5.)  An independent review of Court's docket,

however, reveals that Ross has no state habeas matter, either pending or closed.

*See Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011)(court may take judicial

notice of proceedings in other courts, within and without the federal judicial

system if those proceedings have a direct relation to the matters at issue).[1]  He also

states he tried to file a habeas petition in the district court.  (Doc. 1 at 6.)  Ross

does not provide the outcome but acknowledges he did not file an appeal of any

judgment or decision. (*Id.*)

In his federal petition, Ross alleges that he should have been transported to

the Montana State Hospital or to another less restrictive environment, but he

---

[1] *See also:* https://supremecourtdocket.mt.gov/ (accessed February 19, 2025).

remains at the Missoula County Detention Center despite his DPHHS sentence. (Doc. 1 at 4.)  Ross asks that he be released from jail.  (*Id.* at 7.)

A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A).  "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id.. see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three

prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, the state courts have not yet considered the claims Ross attempts to advance. Ross must present these same claims to the state courts, including the Montana Supreme Court, in a procedurally appropriate manner and give them one full opportunity to review his federal constitutional claims. *O'Sullivan*, 526 U.S. at 845. Because Ross has not yet completely exhausted his available state court remedies, this Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal will be **without prejudice**, allowing Ross to return to this Court if and when he fully exhausts the claims relative to his current custody.

## II.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Ross has not yet made a substantial showing that he was deprived of a federal constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

### ORDER

1. Ross's Petition (Doc. 1) is DISMISSED **without prejudice** as unexhausted.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 21st day of February, 2025.

Donald W. Molloy, District Judge
United States District Court

5